IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,807-01






EX PARTE RICHARD LEE TREVINO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B09-474 IN THE 198TH DISTRICT COURT


FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to two years' imprisonment in state jail. He did not appeal his
conviction. 

 Applicant contends that his plea was breached because he pleaded guilty in exchange for 334
days of pre-sentence jail time credit, which was reflected on the original judgment, but that number
was changed to 40 days through a judgment nunc pro tunc four days after his plea. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). The trial court may order the State to provide an affidavit
stating the exact terms of the plea agreement.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea bargain was breached. The trial court shall make findings as to whether a
specific number of days of pre-sentence jail time credit was a part of the plea bargain, and if so,
exactly how much time was promised to Applicant. The trial court shall supplement the record with
any written plea bargain that may have been signed by the parties. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues.
Applicant is scheduled for the full discharge of his sentence on August 5, 2011. This application is 
therefore expedited and all responses, supplemental records, and findings shall be submitted to this
Court no later than June 10, 2011.


Filed: May 25, 2011

Do not publish